# UNITED STATES DISTRICT COURT  <span style="color:red">**SEALED**</span>

for the

Eastern District of Louisiana

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Edward McMillan | ) | Case No. |
| | ) | 22-mj-61 |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __April 25, 2022__ in the parish of __Jefferson__ in the __Eastern__ District of __Louisiana__, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, U.S.C., § Section 841(a)(1) and 841(b)(1)(C) | Possession of a Controlled Substance with Intent to Distribute |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

/s/ Ryan J. Krummel
*Complainant's signature*

Ryan J. Krummel, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/2/22

*Judge's signature*

City and state: New Orleans, Louisiana

Honorable Dana M. Douglas, U.S. Magistrate Judge
*Printed name and title*

2cc: USM

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CASE NO: 22-mj-61 |
|---|---|---|
| v. | * | SECTION: DUTY MAGISTRATE |
| EDWARD McMILLAN | * | **FILED UNDER SEAL** |
| | * * * | |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

1. This affidavit is made in support of an application for a criminal complaint and arrest warrant for Edward McMILLAN ("McMILLAN"). Based on the facts set forth herein, there is probable cause to believe McMILLAN possessed a controlled substance with the intent to distribute in violation of Title 21, United States Code, Sections 84l(a)(1) and 841(b)(l)(C).

2. I, Ryan Krummel, being duly sworn, state that I am a Special Agent ("SA") with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed for approximately six years. I am currently stationed in the New Orleans, Louisiana Field Office.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that McMILLAN possessed a controlled substance with the intent to distribute in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

5. This affidavit is made for the limited purpose of supporting probable cause for a criminal complaint and, as such, I have not included each and every fact known to me concerning

this investigation. I make this affidavit based upon my personal knowledge derived from my participation in this investigation and upon information relayed to me from members of law enforcement.

## PROBABLE CAUSE

6. In December 2021, I met with members of the Jefferson Parish Sheriff's Office ("JPSO") to discuss recent shootings and continued violent crime in the 300 to 500 blocks of North Laurel Street and North Elm Street, commonly referred to as "L-Block," in Metairie, Louisiana. Recent persons of interest reside in or frequent this area. ATF worked a joint investigation with JPSO starting in July of 2020 where 19 people were arrested, five of whom are being prosecuted federally.

7. ATF and JPSO have been conducting surveillance and operating controlled purchase operations using an ATF Confidential Informant ("CI") to purchase narcotics in L-Block. On a regular basis, individuals are seen carrying firearms and conducting hand to hand transactions consistent with distributing controlled substances. The area is being used as an open-air drug market.

8. Based on law enforcement concerns that the high concentration of armed individuals would culminate in a violent event, an interdiction was planned. On January 6, 2022, JPSO launched a targeted sweep. During that operation JPSO seized 727.5 grams of marijuana, 29.4 grams of crack, two grams of cocaine, one gram of heroin, 6.4 grams MDMA, six DU Tramadol, 19 DU Tarpentadol, 1.5 du Alprazolam, 4 firearms, and $4,071.00. Four people were arrested.

9. Law enforcement continued surveillance of the area for several days following that sweep, and the patterns of drug trafficking and firearm possession continued. However, slight

2

changes did occur in the locations of major distribution points. More specifically, it has been observed that several subjects continue to operate out of the residence at 503 North Elm Street in Metairie, Louisiana.

10. As investigators continued surveillance of 503 N. Elm, a familiar person emerged and began to engage in what investigators believed to be narcotics trafficking. Agents confirmed that person to be McMILLAN. MCMILLAN is a former ATF target from an investigation in July 2020. McMILLAN is currently on supervised release in the Eastern District of Louisiana, following his term of imprisonment for a conviction for distribution of cocaine base in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

11. On four separate occasions, an ATF CI was able to purchase a cocaine base ("crack") from persons operating in L-Block. These transactions occurred in January and February 2022. Each transaction was monitored and recorded.

12. In some instances, the transaction was "split" amongst two dealers. On February 9, 2022, at approximately 1113 hours, the ATF CI purchased 0.9 grams of cocaine base for $100.00. The identified dealer in this transaction is McMILLAN and the secondary dealer is suspected to be Harold DECLOUET. McMILLAN supplied three rocks of cocaine base, while DECLOUET supplied two. The $100.00 was paid to McMILLAN by the CI. The snip from the surveillance equipment captured a photo of McMILLAN in the transaction.

13. As recent as April 25, 2022, investigators with JPSO have conducted surveillance on the residence identified as McMILLAN's. They have observed activity consistent with narcotics trafficking from at least three subjects, one of whom is McMILLAN. The subjects were observed entering and exiting the residence and engaging in either hand to hand activity with approaching persons or interacting with persons that appear to distribute narcotics to passing

vehicles. It is also believed that McMILLAN was observed in possession of a large sum of U.S. currency as he interacted with the subjects that entered and exited his apartment while they engaged in activity consistent with distribution of controlled substances.

14. On April 26, 2022, investigators at JPSO continued surveillance and observed two unknown subjects approach the primary door to McMillan's residence. They knocked on the door and a person from within appeared in the doorway. The unknown person from inside the apartment was given cash from the subjects at the door at which time the door closed. Moments later the subject returned and distributed small objects from a plastic bag to the people at the door. Those actions, especially coupled with past activity observed by these suspects, are consistent with drug trafficking.

## **CONCLUSION**

15. Based on the foregoing, I submit there is probable cause to believe that McMILLAN possessed a controlled substance with the intent to distribute in violation of Title 21, United States Code, Sections 84l(a)(1) and 841(b)(l)(C).

16. I respectfully submit this criminal complaint and request an arrest warrant be issued for McMILLAN.

Respectfully Submitted,

*/s/ Ryan J. Krummel*
Ryan J. Krummel
Special Agent, Badge No. 5908
Bureau of Alcohol, Tobacco, Firearms, and Explosives
Phone: 504-210-9732

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Subscribed and sworn to before me
this __2nd__ day of May, 2022.
New Orleans, Louisiana.

HONORABLE DANA M. DOUGLAS
UNITED STATES MAGISTRATE JUDGE